## 27544. CENTRAL OF GEORGIA RAILWAY COMPANY v. HARALSON COUNTY et al.

GUNTER, Justice. This action originated when the appellant filed suit to enjoin alleged trespasses by the appellees over its railroad right-of-way. At a pretrial conference it was agreed by counsel for all parties that the matter would be submitted to the court for a determination on its merits without the intervention of a jury, and that the issues would be determined by the validity or invalidity of an order entered on December 1, 1964, by the Commissioner of Roads and Revenues of

Haralson County.

The trial judge found that the December 1, 1964, order by the Commissioner of Roads and Revenues opening a new crossing over the Central of Georgia railroad tracks was valid, and he entered a judgment denying the injunctive relief sought by the appellant. The appeal is from that judgment.

The December 1, 1964, order by the Commissioner of Roads and Revenues was entered pursuant to an application to open a new road as provided for in Code §§ 95-201 and 95-202. The order recited that a hearing was conducted as provided by law, that representatives of the railroad were present at the hearing, and then the order concluded as follows: "It is considered ordered and adjudged that it is and would be for the best interest of Haralson County and for all parties concerned that the existing crossing be left unchanged and that a new crossing be opened at the point indicated on the plat filed in these proceedings. Therefore, it is hereby ordered that the present crossing remain opened and unchanged and that a new crossing be and the same is hereby approved and is opened in accordance with the application filed by M. A. Eastwood."

We find no fault with the order in and of itself as entered by the County Commissioner. However, the record does not disclose that Haralson County acquired the road right-of-way for the new road from the railroad company by contract or by the exercise of its power of eminent domain. The railroad company alleged in its petition for injunction that it owned the property through which the new road was opened, and that the county and others were trespassing upon its property.

Our Constitution provides that in case of necessity, private ways may be granted upon just compensation being first paid by the applicant, and that private property shall not be taken or damaged for public

purposes, without just and adequate compensation being first paid. Code Ann. § 2-301.

In the case of *Ga. R. & Bkg. Co. v. Mayor &c. of Union Point,* 119 Ga. 809, 815 (47 SE 183) (1904), this court held as follows: "Undoubtedly the right-of-way and tracks of a railroad company may be subjected to another and consistent public use, provided the power to condemn the property of the railroad company for such a purpose exists and just compensation is first paid the railroad company for the damage its property will thereby sustain. But this court has held that the right-of-way and tracks of a railroad company cannot be subjected to another and consistent public use, against the consent of the company, except under condemnation proceedings duly authorized. [Cits.]"

The order of the road commissioner was valid to the extent that it authorized the opening of a new road, but it was not valid to the extent that it allowed the county to take or encroach upon the property of another without first acquiring that property by contract or by the exercise of its power of eminent domain.

We therefore hold that the appellant is entitled to the injunctive relief sought.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1972 — DECIDED MARCH 8, 1973.

*Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellant.

*Reuben Word, Howe & Howe, Tom Murphy,* for appellees.